# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1898.

STATE *ex rel.* BURGESS, *Collector, Appellant,* v. KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS RAILROAD COMPANY.

### Division Two, October 17, 1898.

1. **Taxes**: CONSTITUTIONAL LIMIT: ROAD TAXES: LEVIED BY "ROAD TOWNSHIPS." Where a county court has made a levy of fifty cents on the hundred dollars valuation of property for "county purposes," in a county having less than $6,000,000 worth of property, a further levy of ten cents by townships for "road purposes," is illegal. And this is the case whether the county has regular township organization or is organized into "townships for road purposes."

2. ———: ———: ———: "COUNTY PURPOSES." Under the words, taxes levied for "county purposes" are to be included road taxes levied by townships.

*Appeal from Platte Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

AFFIRMED.

*John W. Coots* for appellant.

(1) The only point involved in this appeal is whether or not the vote of two thirds of the qualified

(596)

voters in Lee and Waldron townships, in favor of the proposition, authorized the increase of taxation in said townships for road purposes, or whether the provisions of article III of chapter 140 of the Revised Statutes of 1889 violate the terms of sections 11 and 12 of article X of the Constitution of Missouri. The levy for road purposes, in a township organized under the provisions of article III of chapter 140 does not provide for the raising of a tax for county purposes, but strictly for municipal purposes, and hence is not in contravention of the constitutional provisions above mentioned.

*Spencer & Mosman* for respondent.

(1) Section 11 of article X of the Constitution does not authorize a vote of the people, directing the levy of a tax for road purposes, in excess of the rates limited in said section. (2) The tax for road purposes is a tax for county purposes. *State ex rel. v. Railroad*, 101 Mo. 130; *State ex rel. v. Railroad*, 123 Mo. 72. (3) The county is as much a municipality as the township, and if the township tax is a municipal tax, so also is the county tax. One of the oldest maxims of the law is that a person is not permitted to do indirectly that which he is prohibited from doing directly.

GANTT, P. J.—The only question raised by this appeal is the constitutionality of certain road taxes levied in Lee and Waldron townships in Platte county. Upon the trial it appeared that said townships had each organized under article III, chapter 140, Revised Statutes 1889, and the litigated taxes were levied for the year 1894, under the provisions of said article. It was further shown that the aggregate assessed valuation of Platte county for said year was less than $6,000,000; that the county court had levied a tax for

county purposes of fifty cents on the one hundred dollars valuation, upon all the taxable property in said county, including the railroad property of defendant; that Lee and Waldron townships had each levied a road tax of ten cents on each hundred dollars valuation of the taxable property in said townships, which said tax was in addition to the tax for county purposes levied by the county court as aforesaid; that the aggregate thus levied by the county court and the townships was sixty cents on the one hundred dollars valuation in said two townships. It further appeared that the defendant railroad company had paid fifty cents on each hundred dollars valuation of its property in said townships, but declined and refused to pay the additional ten cents so levied by said townships because it was in excess of the rate limited by section 11 of article X of the Constitution of Missouri, and consequently void. The circuit court sustained this contention of the defendant and the plaintiff appeals.

I. Little scope is left for discussion. Plaintiff seeks to avoid the position of defendant by insisting that the road taxes in question were not levies for "county purposes." He insists it is for a strictly *municipal* purpose, and therefore not within the prohibition of section 11, article X of the Constitution.

In *State ex rel. Hirni v. Railroad*, 123 Mo. 72, it was conceded by counsel for the relator, that townships in counties not under township organization were mere geographical subdivisions of the county and in no sense corporations, but they insisted that townships under township organization were municipal corporations and a different principle must govern; but this court held that the Constitution made no distinction between counties that might adopt township organization and those that remained under original county organization as to the rate of taxation that should be allowed in

each for government purposes, saying: "The mere change of the mode of administering county governments does not, and can not change the purpose for which taxes are raised to conduct that government, and as the purpose remains the same in each so the limitations must be the same in each. This must be so, or the framers of our Constitution have wrought in vain to limit the expenses of county government, and their whole legislation on this subject may be set at naught. For, to defeat it entirely, it will only be necessary for all the counties of the State to adopt township organization, and the legislature may then authorize them in addition to the taxes allowed by the Constitution for county purposes, to levy township taxes *ad libitum*. A construction of the Constitution which would thus authorize the defeat of one of its main purposes, can not be entertained for a moment."

That case must control this. If with the increased powers conferred upon townships under township organization the inhibition of the Constitution remained *a fortiori* it must stand under this road law which merely imposes upon the road township the duty theretofore devolved upon the county court in respect to public roads in such townships.

The Constitution is not to be so easily evaded. If plaintiff's contention prevail all that need be done in the several counties is to organize the whole county into "townships for road purposes" and all limitation as to levies for road taxes would instantly vanish. At the time of the adoption of the Constitution "road taxes" were recognized as "county taxes." The obvious purpose of the Constitution was to protect the taxpayer from excessive taxation. The mere calling of these road taxes "township taxes" in no way changes their character or the purpose for which they are levied. They clearly fall within the meaning and prohibition of

section 11, article X, of the Constitution. *State ex rel. v. Railroad*, 101 Mo. *loc. cit.* 130.

The circuit court properly held that the excess over the fifty cents levy was void, and its judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.